# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA ANN STONECIPHER,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:17-cv-01479- JLT<br><br>ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF LENA ANN STONECIPHER AND AGAINST DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY |

Lena Ann Stonecipher asserts she is entitled to benefits under Title II of the Social Security Act. Plaintiff argues the administrative law judge erred finding Plaintiff can perform her past relevant work and work existing in significant numbers in the national economy. Because the ALJ failed to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles*, the administrative decision is **REMANDED** for further proceedings.

## **PROCEDURAL HISTORY**

On January 14, 2014, Plaintiff filed an application for disability insurance benefits, alleging disability beginning June 30, 2011. (Doc. 7-6 at 2) The Social Security Administration denied the applications at the initial level and upon reconsideration. (*See generally* Doc. 7-4) Plaintiff requested a hearing, and testified before the ALJ on May 15, 2016. (Doc. 7-3 at 17) At that time, the ALJ also obtained testimony a vocational expert. (*See id.*) On June 20, 2016, the ALJ issued an order finding Plaintiff was not disabled as defined by the Social Security Act. (Doc. 7-3 at 17-24) Plaintiff requested

review of the ALJ's decision by the Appeals Council, which denied the request on September 11, 2017. (*Id.* at 2-7) Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security ("Commissioner").

## **STANDARD OF REVIEW**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## **DISABILITY BENEFITS**

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial

gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Pursuant to this five-step process, the ALJ determined Plaintiff did not engage in substantial gainful activity after the alleged onset date of June 30, 2011. (Doc. 7-3 at 19) At step two, the ALJ found Plaintiff's severe impairments included: "lupus; radial nerve injury of the right forearm; degenerative disc disease of the lumbar and cervical spine; rheumatoid arthritis; and status post trigger release surgery of the right hand." (*Id.*) At step three, the ALJ determined Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled a Listing. (*Id.* at 20) Next, the ALJ determined:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can perform occasional, but not constant work with the right, upper extremity.

(*Id.* at 21) Based upon this RFC and the vocational expert's testimony, the ALJ determined at step four that Plaintiff was "capable of performing past relevant work as a surgery coordinator." (*Id.* at 22) The ALJ made an alternative finding at step five that "there are other jobs that exist in significant numbers in the national economy that the claimant can also perform," such as mailroom clerk, office helper, and storage facility clerk. (*Id.* at 23) Consequently, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at 24)

## DISCUSSION AND ANALYSIS

Plaintiff asserts the ALJ erred in relying upon the testimony of the vocational expert at steps four and five of the sequential evaluation. (Doc. 11 at 9) She contends her past relevant work and

other jobs identified by the vocational expert exceed the limitation to "occasional, but not constant" work with her right arm, as the ALJ limited Plaintiff to in the residual functional capacity. (*Id.*) Thus, Plaintiff contends the ALJ's "error is material." (*Id.*) Defendant does not address whether the testimony conflicts with the *Dictionary of Occupational Titles*. (*See generally* Doc. 14)

### A. ALJ's Steps Four and Five Findings

A claimant has the burden at step four of the sequential analysis to prove that she cannot perform her past relevant work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Past relevant work is work performed in the last 15 years that lasted long enough to learn it, and was substantial gainful employment. SSR 82-61, 1982 SSR LEXIS 31.[1] The ALJ is not required to make "explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The Ninth Circuit explained, "[a]lthough the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id.* at 844.

To determine whether a claimant retains the capacity for past relevant work, the Social Security Administration identified three tests:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packing job," etc.
>
> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
> 3. Whether the claimant retains the capacity to perform the functional demands the job duties of the job as ordinarily required by employers throughout the national economy.

SSR 82-61, 1982 SSR LEXIS 31, at *2-3. To determine how a claimant *actually* performed her work, an ALJ may consider: "(1) the claimant's own testimony, and (2) a properly completed vocational report." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002), citing *Pinto*, 249 F.3d at 845, *accord.* SSR 82-61, SSR 82-41; *see also* SSR 82-62, 1982 SSR LEXIS 27, at * 6-7 ("statements by the claimant regarding part work are generally sufficient for determining the skill level, exertional demands

---

[1] Although Social Security Rulings issued by the Commissioner to clarify regulations and policies do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

and nonexertional demands of such work"). Usually, "the best source for how a job is *generally performed*" in determining the requirements of a claimant's past relevant work is the *Dictionary of Occupational Titles*, and vocational expert testimony may be considered at step four of the analysis. *Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001) (emphasis added).

At step five, the burden shifts to the Commissioner to show that Plaintiff can perform other substantial gainful activity and a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (discussing the burden shift at step five). To make this determination, the ALJ may rely upon job descriptions in the *Dictionary of Occupational Titles* ("DOT"), which classifies jobs by their exertional and skill requirements, and is published by the United States Department of Labor, Employment & Training Administration. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R. § 404.1566(d)(1). In the alternative, the ALJ may call a vocational expert "to testify as to (1) what jobs the claimant, given his or her functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); *see also* Social Security Ruling ("SSR") 00-4p[2], 2000 WL 1898704 at *2 ("In making disability determinations, we rely primarily on the DOT . . . for information about the requirements of work in the national economy.")

The ALJ called upon vocational expert Susan Creighton-Clavel ("the VE") to testify regarding Plaintiff's past relevant work and "determine the extent to which [Plaintiff's] limitations erode the unskilled light occupational base." (*See* Doc. 7-3 at 23, 56) The VE classified Plaintiff's past relevant work as a dental assistant, DOT 079.361-018, and surgery coordinator/hospital admitting clerk, DOT 205.362-018. (*Id.* at 57-58) The VE explained that for Plaintiff's work as a surgery coordinator, the VE "used the DOT code for hospital admitting clerk," because it was "the closest thing in the DOT" to a surgery coordinator. (*Id.* at 58) Under the DOT, this position was classified as semi-skilled and

---

[2] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *see also Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) ("SSRs reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations").

sedentary work. (*Id.*) The ALJ asked the VE whether a hypothetical individual— with the same physical limitations identified in the residual functional capacity for Plaintiff, including "occasional but not constant use" of the right upper extremity—was able to perform Plaintiff's past work. (*Id.* at 58) The VE testified a person with these limitations could perform the hospital coordinator position. (*Id.*) In addition, the VE testified the individual could perform other "light, unskilled jobs" in the national economy, including mail room clerk, DOT 209.687-026; office helper, DOT 239.567-010; and storage facility clerk, DOT 295.367-026. (*Id.*)

The ALJ inquired whether the VE's testimony was consistent with the *Dictionary of Occupational Titles*, and she responded "[p]retty much." (Doc. 7-3 at 63) The VE explained: "They don't address absences. They don't address these combinations. They don't address less than eight hours of work. They don't address sitting and standing at certain time frames. That looks like about it. And, of course, my responses would be -- based on my training and experience." (*Id.*) The ALJ then asked the VE to identify her training and experience, and she responded that she had "a master's of science degree in counseling," and she was "a certified rehab counselor and a certified disability management specialist." (*Id.* at 63-64) In addition, Ms. Creighton-Clavel testified that she had been doing "expert witness work for the Social Security Administration since the 80's." (*Id.* at 64)

**B.    Conflicts with the *Dictionary of Occupational Titles***

Pursuant to SSR 00-4p, occupational evidence provided by a vocational expert "generally should be consistent with the occupational information supplied by the DOT." *Id.*, 2000 WL 1898704 at *2. When there is a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert testimony] to support a determination or decision about whether the claimant is disabled." *Id.* Further, SSR 00-4p provides:

> At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the [vocational expert] evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

*Id.* Accordingly, the Ninth Circuit has determined an ALJ must inquire "whether the testimony

conflicts with the *Dictionary of Occupational Titles*," and may only rely upon conflicting expert testimony when "the record contains persuasive evidence to support the deviation." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

### 1. Whether there is a conflict

The ALJ determined Plaintiff could "perform occasional, but not constant work with the right, upper extremity," and asked the vocational expert to consider this limitation. (Doc. 7-3 at 21, 58) Based upon the vocational expert's testimony, the ALJ concluded at step four that Plaintiff was "capable of performing past relevant work as a surgery coordinator."[3] (*Id.* at 22, 24) At step five, the ALJ found Plaintiff could also work as a mailroom clerk, DOT 209.687-026; office helper, DOT 239.567-010; and storage facility clerk, DOT 295.367-026. (*Id.* at 23-24) The ALJ asserted, "Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (*Id.* at 24) However, as Plaintiff observes, "[t]he past work and the other work identified by the vocational expert require frequent use of the upper extremities for reaching, handling, and fingering." (Doc. 11 at 9)

Under the *Dictionary of Occupational Titles*, the position of hospital admitting clerk— which the vocational expert used for Plaintiff's past work as a surgery coordinator (Doc. 7-3 at 58) — is classified as sedentary work, which can require an individual to exert "up to 10 pounds of force occasionally … and/or a negligible amount of force frequently…to lift, carry, push, pull, or otherwise move objects, including the human body." DOT 205.362-018, 1991 WL 671710. The position also indicates a person may be required to *frequently* reach, handle, and feel objects. (*Id.*) Similarly, each of the representative positions identified above require *frequent* reaching, handling, and fingering. *See* DOT 209.687-026, 1991 WL 671813 (mailroom clerk); DOT 239.567-010, 1991 WL 672232 (office helper); DOT 295.367-026, 1991 WL 672594 (storage facility clerk). Because the jobs identified by the vocational expert require the ability to use arms on frequent basis, while the ALJ limited Plaintiff to occasional use with the right arm, the Court finds the testimony of the vocational expert conflicts with the *Dictionary of Occupational Titles*. *See* SSR 83-10, 1983 WL 31251 at *5-6 (explaining

---

[3] The ALJ did not clarify whether he believed Plaintiff could perform her past relevant work as generally performed or as actually performed.

7

"occasionally" involves activities "occurring from very little up to one-third of the time," while "frequent" involves activities "from one-third to two-thirds of the time").

2. Whether the record supports the deviation

When there is a conflict between the testimony of a vocational expert and the *Dictionary of Occupational Titles*, the Court may rely upon the testimony only when "the record contains persuasive evidence to support the deviation." *Massachi*, 486 F.3d at 1153. Importantly, there is no indication in the record that the ALJ was aware of the conflict between Plaintiff's limitations with her right arm and and the requirements of the jobs as defined by the *Dictionary of Occupational Titles*.

Although the vocational expert acknowledged some conflicts between her testimony and the *Dictionary of Occupational Titles*, she did not address the conflict between Plaintiff's limitations to "occasional but not constant" use of the right arm and the frequent reaching, handling, or fingering requirements of both her past relevant work and the other positions. As a result, the ALJ was unable to resolve the conflict between the two vocational resources, as is required by the Ninth Circuit. *See Johnson*, 60 F.3d at 1435; *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("in order for the ALJ to rely on a job description in the *Dictionary of Occupational Titles* that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation"). Because the ALJ did not address the apparent conflict, and the vocational expert did not explain her reasoning, the record cannot support the deviation.

**C. Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the District Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed when no useful purpose would be served by further administrative proceedings, or where the record was fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ failed to address the apparent conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles*. Based upon the record, the Court is unable to determine whether Plaintiff is able to perform work existing in significant numbers in the national economy. Accordingly, a remand for further proceedings is appropriate in this matter. *See Zavalin v. Colvin,* 778 F.3d 842, 848 (9th Cir. 2015) (an ALJ's failure to reconcile apparent conflict was not harmless where the Court "cannot determine [from the record] whether substantial evidence supports the ALJ's step-five finding"); *see also Dieugenio v. Astrue*, 2010 WL 317269 at *3 (C.D. Cal. Jan. 19, 2010) (holding that where the expert claimed that his testimony was consistent with information in the *Dictionary of Occupational Titles* but a review of the descriptions "reveal[ed] a conflict with respect to the jobs identified," failure to address the conflict warranted a remand for further proceedings).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes the ALJ erred by failing to address the apparent conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*. Because the ALJ failed to apply the correct legal standards, the testimony of the vocational expert cannot support the conclusion that Plaintiff is able to perform her past relevant work or other work in the national economy. *See Zavalin*, 778. F.3d at 846; *Rawlings v. Astrue*, 318 Fed. Appx. 593, 595 (2009) ("Only after determining whether the vocational expert has deviated from the *Dictionary of Occupational Titles* and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.") Consequently, the ALJ's decision cannot be upheld by the Court. *See Sanchez*, 812 F.2d at 510.

Because the Court finds remand is appropriate on these grounds, it offers no findings on the remaining argument presented in Plaintiff's opening brief.

Based upon the foregoing, the Court **ORDERS**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Lena Ann Stonecipher and against Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **November 15, 2018**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE